Catron, Ch. J.
delivered the opinion of the court.
The county court gave judgment for the principal debt, and retained in that court the cause to try the plea of usury. It was found on a trial for the defendants, Price and Potts. The merits were clearly attained, and this court will not reverse, for irregularities that did not and could not prejudice either party, in a proceeding originating before a justice of the peace, and afterwards litigated in the county court.
In this cause a motion was made to reconsider, after judgment entered up.
Catroñ, Ch. J.
delivered the opinion of the court.
The county court, on discharging the supersedeas on Officer’s motion, gave judgment for the principal debt, *286 w;th lawful interest, against Price, Potts, and their secu- • 71/T %/"N * 1" ¶ . ^ †«* nty, M Guire, and issued a certiorari to the justice to bring up the proceedings for another trial to be had as to the usurious interest. The judgment for fifty-four dollars, on discharging the supersedeas, was irregular, but it was an error as against Price and Potts, and their security, not Officer. He collected the fifty-four dollars, and has no right to complain. Yet it is seriously insisted, and on a motion too to set aside a judgment, that for an error favorable to the plaintiff, and after he has collected by force of the judgment the whole amount due him, that he who has the benefit of the judgment has the right to assign error thereon, and cause it to be reversed. There is hut one case known to a court of error where a plaintiff can reverse because of an error in his favour, and that is where the court rendering the judgment has no jurisdiction of the person of the defendant, or of the subject matter; being in. fact a void judgment to rid himself of it, so that he may proceed anew. The supreme court of the United States, it is urged, have allowed reversals, on part of him who obtained the judgment. I regret that so sound and excellent a lawyer as he who made this motion to rehear, should involve his character, and that of the court, in so serious an imputation as that he and they had forgotten the earliest and tritest law maxim learned by the student: that no man in a court of justice shall be permitted to take advantage of his own wrong.
Judgment affirmed.